IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID BROWN,
Petitioner,

v.

DAN SPROUL,
Respondent.

Case No. 22–CV–2721–JPG

**MEMORANDUM & ORDER**

### I.   Introduction

This matter comes before the Court on Petitioner David Brown ("Petitioner" or "Brown") Petition for Writ of Habeas Corpus. (Doc. 1). Petitioner is a federal prisoner currently incarcerated at the U.S. Penitentiary in Marion, IL ("Marion USP"), where Respondent Dan Sproul ("Respondent") is the warden. Petitioner is challenging the denial of his ability to obtain a "nearer release transfer." *Id*.

### II.   Background

Brown is a federal military inmate serving a military sentence at USP Marion in Illinois. Brown was court-martialed on September 18, 2018, for a sex offense. Petitioner's release date is January 5, 2024.[1] https://www.bop.gov/inmateloc/ (last visited September 19, 2022). He was formerly housed at the U.S. Disciplinary Barracks and was later moved to USP Marion. He recently requested a transfer to a residential re-entry center as a non-prerelease inmate under 18 U.S.C. § 2621(b), which was recently denied by Judge McGlynn in this district. *Brown v. Sproul*, No. 22-cv-1218-SPM, 2022 WL 13909002, at *2 (S.D. Ill. Oct. 24, 2022).

---

[1] Petitioner indicates that his release date is not until March 2023. However, this is incorrect per the BOP website. Petitioner's purported release date in March 2023 is a basis that Petitioner argues should expedite his habeas relief.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other habeas corpus cases like the one at bar.

In the petition, Brown indicates that the Bureau of Prisons ("BOP") is denying his ability to obtain a nearer release transfer. Specifically, Petitioner indicates that he has been wrongfully denied ability to obtain nearer release transfer, because of the proffered reason that he "had not been at the institution for at least 18 months with clear conduct." A "nearer release transfer" moves an inmate closer to his or her legal residence or release destination. BOP Program Statement 5100.08, ch. 7, p.4 ¶ 2 (2006). In Petitioner's petition he argues that the provision of denial of nearer release transfer requiring 18 months of clear conduct ("clear conduct provision") before it will consider inmate requests to a BOP facility nearer to the inmate's release address is impermissible pursuant to the First Step Act. (Doc. 1). Therefore, he requests this Court direct Respondent to conduct the nearer release transfer and transfer Petitioner to FMC Otisville or FMC Devens.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a prisoner is challenging the very fact or duration of his physical imprisonment, such as a quantum change in the level of custody. *Davis v. United States*, 2017 WL 2214874 (S.D. Ill. May 19, 2017) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)). It is also proper if the prisoner is seeking immediate or speedier release. 28 U.S.C. § 2241(c)(3); *Stokes v. Cross*, 2014 WL 503934 (S.D.

Ill. Feb. 7, 2014). This Court cannot grant Petitioner's request. In a claim under § 2241, a change in housing that does not affect either the fact or duration of Petitioner's confinement, is not subject to habeas relief. *Adams v. Bledsoe*, 173 F. App'x 483, 484 (7th Cir. 2006).

The Seventh Circuit Court of Appeals has been clear that a habeas corpus claim "cannot be used to challenge a transfer between prisons" unless "the custody in which the transferred prisoner will find himself when transferred is so much more restrictive than his former custody that the transfer can fairly be said to have brought about what in *Graham* we called a "quantum change in the level of custody." *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999). Here, Brown does not make a claim that he was given a more restrictive custody. Brown is requesting this Court to transfer to a different facility that is nearer to his release address. This Court cannot order such a release pursuant to habeas. The Supreme Court has held a prisoner has no constitutional right to incarceration in any particular correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 245–46 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."); *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976) ("[T]he Constitution does not ... guarantee that the convicted prisoner will be placed in any particular prison," and "the Due Process Clause [does not] in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system.").

Instead, the BOP is vested with "broad discretion" in choosing the location of an inmate's imprisonment and in determining if or when an inmate should be transferred from one institution to another, and this Court is without the authority to order transfers within BOP institutions. *See Fults v. Sanders*, 442 F.3d 1088, 1090 (8th Cir.2006); 18 U.S.C. § 3621(b) (setting forth criteria for BOP to consider in making placement and transfer determinations); *Watt v. Rivera*, No. 2:15-

cv-00081-JLH-JTR, 2016 WL 1689004, at *4 (E.D. Ark. Apr. 1, 2016), report and recommendation adopted, No. 2:15CV00081 JLH/JTR, 2016 WL 1643837 (E.D. Ark. Apr. 25, 2016) ("Because Watt had no constitutional right to any transfer, much less a "nearer release transfer," the BOP acted well within its discretion in applying its established policy."). *Buckman v. Warden*, FPC Alderson, Case No. 1:20-cv-00047, 2021 WL 7630085, at *1 (S.D.W. Va. Jan. 7, 2021), report and recommendation adopted, Case No. 1:20-cv-00047, 2022 WL 866274 (S.D.W. Va. Mar. 22, 2022) (court is without authority to order a "nearer release transfer").

Brown argues that the First Step Act does not require 18 months of clear conduct. As indicated above, because Brown does not have a constitutional right to any transfer within BOP institutions, BOP is within its discretion to apply established policy.

### III.    Conclusion

For the reasons set forth above, the Court **DENIES** David Brown's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2441 (Doc. 1). All other motions are **DENIED AS MOOT** (Doc. 2). This case is **DISMISSED** without prejudice. The Clerk is **DIRECTED** to close this case and enter judgment.

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal in forma pauperis, he must include in his motion a description of the issues he intends to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

If he appeals and is allowed to proceed in forma pauperis, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED: December 21, 2022**

                                              **/s J. Phil Gilbert**
                                              **J. PHIL GILBERT**
                                              **UNITED STATES DISTRICT JUDGE**