IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID BROWN,
Petitioner,

v.

Case No. 22–CV–2721–JPG

DAN SPROUL,
Respondent.

**MEMORANDUM & ORDER**

This matter comes before the Court on Petitioner David Brown ("Petitioner" or "Brown") Motion for Reconsideration. (Doc. 10). The Court recently denied Brown's Petition for Writ of Habeas Corpus under 21 U.S.C. § 2241 and entered judgment against Brown and in favor of Respondent Dan Sproul ("Respondent" or "Sproul"). Brown now requests this Court to reconsider that decision.

In Brown's initial petition under § 2241, he challenged the denial of his ability to obtain a "nearer release transfer" which is a transfer for the purpose of placing an inmate closer to his family. (Doc. 1). The Court dismissed Brown's petition because this Court does not have jurisdiction to review the BOP's individual designations of an inmate's place of imprisonment. Brown now moves for reconsideration on the basis that the Court misinterpreted Brown's initial petition and argues that Respondent is not "enacting all of the incentives under the First Step Act" including nearer release transfer. (Doc. 10).

While the Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider, such motions are routinely filed and generally construed as Motions to Alter or Amend an Order or Judgment under Federal Rule of Civil Procedure 59(e). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Brown's

motion was filed within 28 days of the entry of judgment and will be considered under Rule 59(e). *Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014).

Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

The Court has reviewed Petitioner's initial petition as well as its motion to reconsider. The Court finds that it made no manifest errors of law or fact, and Brown provides no newly discovered evidence. Brown states the Court misunderstood his argument, and that his argument is that the Bureau of Prisons ("BOP") and Respondent "used the wrong regulations and law (FBOP Program Statement 5100.08 and 18 U.S.C. 3621) when the Petitioner specifically requested a nearer release transfer under the FSA…" (Doc. 10 at 2).

As stated previously, the BOP has exclusive authority to determine the place of imprisonment for prisoners. See, e.g., 18 U.S.C. § 3624(c)(2); *United States v. James*, No. 15-cr-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020). Nothing in the CARES Act, the First Step Act, or the Second Chance Act altered the exclusivity of this authority to the BOP. See, e.g., 18 U.S.C. § 3624(c)(2).

"Section 3621 governs the authority of the BOP to designate a prisoner's placement in general while he ... is in the BOP's custody." *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010). Section 3621(b) states that the BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). Thus, the BOP "has the statutory authority to choose the locations where prisoners serve their sentence." *United States v. Ceballos*, 671 F.3d 852, 855

(9th Cir. 2011) (per curiam) (citations omitted). In exercising this discretionary authority, 18 U.S.C. § 3621(b), as amended by the First Step Act of 2018, states that the BOP shall "place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence," subject to various considerations. 18 U.S.C. § 3621(b); see First Step Act of 2018, Pub. L. No. 115-391, Title VI, § 601, 132 Stat. 5194, 5237 (2018). Relevant considerations include bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the BOP. *See* 18 U.S.C. § 3621(b).

Section 3621(b) further states that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under [18 U.S.C. § 3621(b)] is not reviewable by any court." 18 U.S.C. § 3621(b). "Congress stripped federal courts of jurisdiction to review the BOP's individual designations of an inmate's place of imprisonment." *Ahmad v. Jacquez*, 860 F. App'x 459, 461 (9th Cir. 2021); *see Gullett v. Salas*, Case No. 2:21-cv-05720-JAK-JDE, 2021 WL 3171967, at *2 (C.D. Cal. July 27, 2021) ("Federal courts ... lack jurisdiction over challenges to the BOP's individualized placement determinations.").

Brown indicates that this Court does have the jurisdiction to review claims that the "[BOP] acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority." *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016) (citation omitted). To the extent Brown argues the BOP acted contrary to 18 U.S.C. § 3621(b), as amended by the First Step Act, as stated previously, this is incorrect. The First Step Act does not guarantee the "nearer release." The First Step Act contained a provision very similar to the BOP's existing nearer release program. Section 3621(b) provides that, subject to certain factors,

the BOP shall place a prisoner "in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence." 18 U.S.C. § 3621(b). The First Step Act also contained a jurisdiction stripping provision regarding the nearer release placement: "Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." *Id*. Because the First Step Act does not guarantee such a transfer, BOP did not violate federal law when rejecting Brown's transfer.

Additionally, Brown has no constitutional right to any transfer and thus, the BOP did not violate the Constitution. *Watt v. Rivera*, No. 2:15-cv-00081-JLH-JTR, 2016 WL 1689004, at *4 (E.D. Ark. Apr. 1, 2016), report and recommendation adopted, No. 2:15CV00081 JLH/JTR, 2016 WL 1643837 (E.D. Ark. Apr. 25, 2016) ("Because Watt had no constitutional right to any transfer, much less a "nearer release transfer," the BOP acted well within its discretion in applying its established policy.").

In short, because Brown is specifically requesting a review of his individual designation of a place of imprisonment, this Court is without jurisdiction to review such a designation. Therefore, pursuant to § 3621(b), we lack jurisdiction to consider Brown's individual challenge to the BOP's transfer decision, which is the relief that Brown is asking (Doc. 1) ("I am requesting that the Court direct the respondent to conduct the nearer release transfer and transfer the movant to FMC Devens or FCI Otisville.").

For these reasons, the Court **DENIES** Brown's motion for reconsideration (Doc. 10). Further, because the Court issues a final order, it will also deny a certificate of appealability as to the motion for reconsideration. A certificate of appealability is required before a habeas petitioner may appeal an unfavorable decision to the Seventh Circuit Court of Appeals. 28 U.S.C. § 2253(c);

FED. R.APP. P. 22(b). The Court denies a certificate of appealability, as reasonable jurists would not debate that petitioner's motion to reconsider fails to warrant relief. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (stating, "a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, ... reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further") (citation and quotation marks omitted).

Thus, for the reasons stated above, the Court denies a certificate of appealability as to the Court's instant denial of Brown's motion to reconsider.

**IT IS SO ORDERED.**
**DATED: January 17, 2023**

                                            /s J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **UNITED STATES DISTRICT JUDGE**